UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY SINEGAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-00360 |
| | § | |
| JIM BARKER, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Martin Marietta Materials, Inc.'s ("Martin Marietta") Partial Motion to Dismiss the Plaintiff's Second Amended Complaint. Dkt. 18. Having reviewed the motion, the response, the reply, and the applicable law, the motion is **GRANTED.**

## I. Factual Background and Proceedings

Plaintiff, Terry Sinegal ("Sinegal") worked as a ready-mix driver and back-up batch man for Martin Marietta. Dkt. 6 at 8. In March of 2016, Sinegal was approached by two female coworkers who claimed that their supervisor, Jim Barker, had sexually harassed them. Dkt. 15 at 2. Sinegal advised the women to report the sexual harassment to human resources. *Id.* Sinegal also reported the incident to the human resources manager. Dkt. 6 at 3. A month later, Martin Marietta suspended Sinegal for "sleeping on the job." Dkt. 6 at 9. Sinegal was then terminated for "poor job performance." *Id.*

Following his termination, Sinegal contacted Martin Marietta's Ethics Board and filed a complaint for wrongful termination. Dkt. 15 at 3. Sinegal also filed for unemployment benefits with Texas Workforce Commission. *Id.* Despite Martin

Marietta's opposition, the Texas Workforce Commission ruled in Sinegal's favor and granted him unemployment benefits. Dkt. 6 at 3. Subsequently, Sinegal filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 15-1 at 1. On March 23, 2018, the EEOC issued Sinegal a Notice of Right to Sue ("Notice"). Dkt. 6 at 11. The Notice stated that Sinegal must file suit against Martin Marietta within 90 days of receiving Notice, which was June 21, 2018. *Id.*

Sinegal filed this complaint for wrongful termination on October 2, 2018—four months after the passing of the EEOC's deadline.[1] Dkt. 1. In the complaint, Sinegal alleges one claim for retaliatory discharge under Title VII of the Civil Rights Act of 1964 and one claim for "wrongful termination due to retaliation" under Texas law. *Id.* Martin Marietta now files a Motion for Partial Dismissal of the federal claim only. Dkt. 18 at 1.

## II. Standard of Review

A court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). The Court's task in this inquiry is to determine whether "the plaintiff has stated a legally cognizable claim that is plausible" on its face and that gives the defendant fair notice of the claims alleged. *See Shandong Yinguang Chem. Indus. Joint Stock Co, v, Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). A plaintiff satisfies both of these obligations by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1938, 173 L. Ed. 2d 868 (2009). This means that "a complaint may proceed even if recovery is very remote and

---

[1] Sinegal originally filed suit in Brazoria County court, however, the case was later removed to this Court. Dkt. 1.

unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). Ultimately, a court will not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999).

### III. Analysis

#### A. Title VII Claim

Sinegal alleges a Title VII retaliation claim against Martin Marietta. However, Martin Marietta asserts that this claim is time-barred because it was not filed within the limitations period prescribed by Title VII.

Under federal law, Title VII claims must be filed within 90 days of the plaintiff's receipt of the notice of the right to sue or the action will be dismissed. This 90-day tolling period begins to run "on the date the EEOC right-to-sue letter is delivered to the…claimant" and is strictly construed. *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Here, Sinegal was required to file his suit against Martin Marrietta by June 21, 2018. Dkt. 6 at 11. However, Sinegal did not file his claim until October 2, 2018—more than 104 days later. Dkt. 1-1 at 4. Accordingly, the court finds that Sinegal's Title VII claims are time-barred and therefore must be dismissed from this suit.

#### B. Remand

Having dismissed Sinegal's Title VII claim, the only claim that remains before the court is Sinegal's Texas state law claim for "wrongful termination due to retaliation."

Dkt. 1. The Court remands this claim to Brazoria County Court, District 23. *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568, 572 (5th Cir. 2006) ("[W]here all federal claims have been eliminated a federal district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

## IV. Conclusion

For the foregoing reasons, the Court **DISMISSES** Sinegal's Title VII retaliation claim from this case. The remaining state law retaliation claim is **REMANDED** to the 23rd District Court of Brazoria County, Texas.

SIGNED at Galveston, Texas, this 22nd day of August, 2019.

                                                George C. Hanks Jr.
                                                United States District Judge